**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-674** (Kanawha County 23-F-153(I))

**Anthony Hairston,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Anthony Warren Hairston appeals the Circuit Court of Kanawha County's October 12, 2023, sentencing order, alleging that the court impermissibly considered prior dismissed charges as grounds to impose a harsher sentence.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The petitioner pled guilty to delivering a controlled substance (heroin). The circuit court scheduled a sentencing hearing for August 23, 2023, and the probation officer prepared and filed a presentence investigation ("PSI") report with the court. At the sentencing hearing, the court inquired into whether the petitioner had any exceptions to the contents of the PSI report. The petitioner disputed telling the probation officer who prepared the report that he had been selling heroin and fentanyl for the past three or four years since he lost his job. The court noted the petitioner's exception and then inquired whether the parties wished to address the court regarding the sentence to be imposed. Under the terms of the parties' plea agreement, the State took no position on sentencing, and the defendant requested an alternative sentence of home confinement. In his statement to the court, the petitioner acknowledged that heroin was bad, but "no one died[.] . . . no one ever lost their life on my watch. . . . [T]here is a lot [of] girls who have come to me and said, 'You saved my life,' because they were on [f]entanyl, and they recovered, a lot of them have right now."

Before imposing sentence, the circuit court stated that the petitioner stood before the court "as someone who has a very, very lengthy history in the criminal system." Noting that the

---

[1] The petitioner is represented by counsel Bryan B. Escue and Sophia D. Mills. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

petitioner's history in the criminal system began in 1984, the court listed his arrest dates and charged offense(s) in at least thirteen cases that had ultimately been dismissed, stating:

> You have seen yourself as you collectively could look at it altogether on [p]ages 4, 5, and part of 6, the long journey that you have had.
>
> Beginning in 1984 getting arrested by the Dunbar police, 1987, first degree arson. Of course, a lot of this stuff was dismissed.
>
> As I often say since I have been on this bench, it is really a shame that so many things were dismissed. People think they got off and kept on going because at some point I think you decide that you are pretty stealth, so to speak.
>
> You are going to show up in City Court, you are going to show up in Magistrate Court, and somebody is going to work it out and somebody is not going to show up, and that did happen is what it looks to me, quite a bit of this.

The circuit court also identified three convictions in the petitioner's history, including driving under the influence, simple possession, and a 1997 federal conviction for a drug-related offense. The court indicated that the petitioner's assurances that no one had died on his watch rang hollow because using illegal substances was always a gamble due to their unknown contents, and the risk of such substances being laced with fentanyl. The court recounted the devastating impact that drugs have on the community, especially on families with children. The court also noted that the petitioner's PSI report indicated that he had been raised in a good home by supportive parents and had previously worked long term for reputable companies. However, the petitioner now stood before the court convicted for selling drugs, with a positive test result for illegal substances he ingested while on pretrial release. The court sentenced the petitioner to not less than one nor more than fifteen years of imprisonment[2] and memorialized its ruling in an order entered October 12, 2023.[3] The petitioner now appeals the sentencing order.

---

[2] West Virginia Code § 60A-4-401(a)(i) provides:

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

Any person who violates this subsection with respect to:

(i) A controlled substance classified in Schedule I or II, which is a narcotic drug or which is methamphetamine, is guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than 15 years[.]

[3] The petitioner subsequently filed a motion to reconsider his sentence on October 18, 2023, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied the petitioner's motion in an order entered on November 6, 2023.

Our standard of review for sentencing orders is "a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "As a general proposition, we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute." *State v. Sugg*, 193 W. Va. 388, 406, 456 S.E.2d 469, 487 (1995). We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Impermissible factors have been identified to include "race, sex, national origin, creed, religion, and socioeconomic status." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (internal quotations and citation omitted).

On appeal, the petitioner argues that previously dismissed criminal charges constitute an additional impermissible factor and the circuit court erred by considering them in determining his sentence. In support of this argument, the petitioner asserts that the court's statements appear to indicate that he "had gotten breaks where he evaded responsibility for his actions[.]" The petitioner further contends that the court's incorporation of his dismissed charges into its sentencing analysis infringed upon his right to the presumption of innocence.

The West Virginia Rules of Criminal Procedure dictate sentencing procedures for the circuit court, including the contents of the mandatory presence investigation report.[4] *See State v. Brown*, 210 W. Va. 14, 28, 552 S.E.2d 390, 404 (2001) ("It is undisputed that a presentence report is mandatory under Rule 32[.]"). Rule 32(b)(4)(A) provides, in part:

(4) Contents of the presentence report. – The presentence report must contain:

(A) information about the defendant's history and characteristics, including information concerning the defendant's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, . . . and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or determining correctional treatment.

We have recognized "that a criminal 'defendant has a due process right to be sentenced on the basis of accurate information. *Fox v. State*, 176 W. Va. 677, 682, 347 S.E.2d 197, 202 (1986).'" *State v. Beck*, 243 W. Va. 293, 297, 843 S.E.2d 775, 779 (2020). Prior to sentencing, the

---

[4] However, the circuit court may forego a presentence report if a defendant waives the report; the record contains sufficient information to sentence; and the court makes a finding, on the record, that there is sufficient information in the record for the court to exercise its sentencing authority. *See* W. Va. R. Crim. P. 32(b)(1)(A)-(C). *See also* Syl. Pt. 4, in part, *State v. McDonald*, 250 W. Va. 532, 906 S.E.2d 185 (2023) ("West Virginia Rule of Criminal Procedure 32(b)(1) requires that the sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met.").

3

petitioner's PSI report was prepared in compliance with the requirements of Rule 32 of the West Virginia Rules of Criminal Procedure, including a mandatory listing of the petitioner's court history and criminal record. The petitioner did not identify any exceptions to the court history portion of the PSI report, and he does not dispute the accuracy of that information in this appeal. The record on appeal does not support the petitioner's contention that the court's reference to such information constituted a presumption of guilt for dismissed charges or that the court relied on the arrests in determining the petitioner's sentence. Even if the court had relied on the charges in sentencing the petitioner, he identifies no statutory authority or case law in which this Court has held that prior arrests or dismissed charges are an impermissible factor as contemplated in *Goodnight*. *See State v. James*, No. 11-1009, 2012 WL 4054127, at *3 (W. Va. Sept. 7, 2012) (memorandum decision) ("[P]etitioner raises no West Virginia statutory or case law that would support his argument that any reliance by the circuit court on his [pending] Indiana charges would have been impermissible at sentencing.").

Accordingly, we conclude that the court did not rely on impermissible factors when sentencing the petitioner to a term of imprisonment "within the range of what is permitted under the statute." *See Sugg*, 193 W. Va. at 406, 456 S.E.2d at 487; *see also* W. Va. Code § 60A-4-401(a)(i) (setting a sentence of not less than one year nor more than fifteen years for delivery of a controlled substance).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 11, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4